## O'Bold's Estate.

*Decedents' estates—Claim of physician—Estoppel—Visiting list—Evidence.*

A physician rendered a bill in a lump sum of $1,250 to an executor for services to the decedent. Three years later at the audit he presented an itemized claim for $1,685.50. When he was on the stand he was asked whether he had made the regular charges for services rendered the decedent. He answered, "I have charged more, and I have charged less. I charge according to the ability of the man to pay me for my services." The claimant offered in evidence a visiting list showing a record of all unpaid visits made to all his patients, including decedent. No objection was made by the executor to the admission of this list, and the claimant was examined in reference to it. *Held,* (1) that as the executor had not acted on the original bill, the essential element of estoppel as to the second bill was wanting; (2) that whatever objections might have been available against the visiting list as a book of original entries, they were waived by the action of the executor; and (3) that the allowance of the larger claim of the physician by the auditor and the court would not be reversed.

Argued March 2, 1908. Appeal, No. 291, Jan. T., 1907, by C. J. Dellone, Executor, from decree of O. C. Adams Co., dismissing exceptions to auditor's report in estate of Vincent O'Bold, deceased. Before Mitchell, C. J., Fell, Brown, Elkin and Stewart, JJ. Affirmed.

Exceptions to report of J. L. Kendlehart, Esq., auditor.
The opinion of the Supreme Court states the case.

*Errors assigned* were in dismissing exceptions to auditor's report and in allowing Dr. R. N. Meisenhelder the sum of $1,685.50 and in allowing the auditor a fee of $500.

*W. C. Sheely,* for appellant.

*Donald P. McPherson,* for appellee, was not heard.

Per Curiam, May 4, 1908:
The first question under the assignments of error is the rea-

sonableness of the claim of the physician for services rendered
to the decedent. The claim was allowed by the auditor and
the allowance was confirmed by the court. Both were in bet-
ter position to judge of the validity of the claim than we are.
But the physician after several demands upon him to furnish
his account for services to the decedent, rendered a bill in a lump
sum of $1,250. Three years later at the audit he presented an
itemized claim for $1,685.50. So serious a discrepancy raised
at once a presumption that the estate of the decedent was in
danger of being fleeced, and called upon the auditor and court
for a rigid examination and explanation, for the protection of
the estate of the dead man who could no longer protect himself.
And this presumption was not lessened by the testimony of the
physician in response to the question : " State whether or not
the charges you have made for services rendered the decedent
in this case are the regular charges for that kind of work ? A. I
have charged more and I have charged less. I charge accord-
ing to the ability of the man to pay me for my services."

But the inconsistency of the claims for services though dis-
creditable as showing a desire for special profit rather than
for fair compensation, did not amount to an estoppel. The
executor not having acted on the first bill the essential ele-
ment of estoppel is wanting.

Where a witness or a party makes discrepant admissions or
claims the result is for the jury, and in cases like the present
for the auditor and the court. The auditor and court made
an examination, and while it would have been more satisfactory
if the physician had been held to a higher standard of profes-
sional ethics, we cannot say that the result was erroneous as a
matter of law.

In regard to the evidence the learned court says: " The
claimant in accordance with the practice of physicians kept a
visiting list in which he made daily entries of his visits. It
was not an independent record of visits and service done
Mr. O'Bold, such as were excluded as book entries in Fulton's
Estate, 178 Pa. 78, but it was his record of visits in the regu-
lar course of his business as a practitioner of medicine, in which
sense it made a record of not only the visits paid Mr. O'Bold
but also all the unpaid visits made to all his patients.

" This visiting list being offered in evidence without ob-

jection, and accepted as correct by the accountant as to their date and number as it seems to have been ; and the claimant being called and examined in support of his claim without any objection at the time by the accountant—both the visiting list and the testimony of Doctor Meisenhelder were properly considered by the auditor in determining the question of this claim."

Whatever objections might have been available against the visiting list as a book of original entries were certainly waived under this state of facts.

In regard to the auditor's fee it is to be said as of the physician's claim that the court below was in better position to determine the value of the services than we are, and its decision has not been shown to be so erroneous as to call for interference.

Decree affirmed.